**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

CHARLES H. KLEIN, JR., *et al.*,     :
                            :
     *Plaintiffs,*                :     Case No. 1:24-cv-00672
                            :
vs.                           :     Judge Jeffery P. Hopkins
                            :
UNITED STATES POSTAL SERVICE,    :
*et al.,*                            :
                            :
     *Defendants.*             :
                            :
                            :

---

**OPINION AND ORDER**

---

Plaintiffs Charles H. Klein, Jr. and Annette Klein and Eric Havens and Shandra Havens ("Plaintiffs") all live on a narrow, hard to pass road in rural Brown County, Ohio. Plaintiffs filed this Amended Complaint ostensibly to challenge the mail delivery service they are receiving from the United States Postal Service and the actions of the local mail carriers who deliver mail in Brown County ("Defendants" or the "Postal Service"). Before the Court is Defendants' Motion to Dismiss (Doc. 16). In this action, Plaintiffs request a permanent injunction ordering the Postal Service to deliver mail to their properties, and a declaratory judgment establishing Plaintiffs' right to have their mail delivered as requested. Am. Compl., Doc. 13, ¶¶ 36–37. The Postal Service and the local officials who deliver the mail in Brown County are asking this Court to dismiss Plaintiffs' Amended Complaint for lack of subject-matter jurisdiction. Doc. 16, PageID 59. Defendants assert that the Court lacks jurisdiction over Plaintiffs' Amended Complaint because jurisdiction over service-related discrimination claims against the Postal Service lies exclusively with the Postal Regulatory Commission

(hereinafter the "PRC" or "Postal Regulatory Commission" when needed for clarity). *Id*. at PageID 61.

For the reasons that follow, the Court **GRANTS** Defendants' Motion to Dismiss (Doc. 16) and **DISMISSES** Plaintiffs' Amended Complaint (Doc. 13).

## I. BACKGROUND

This dispute arises from the Postal Service's refusal to deliver mailed packages directly to Plaintiffs' rural properties in Brown County, Ohio. *See* Am. Compl., Doc. 13, ¶¶ 12–13.[1] Neighbors, Plaintiffs Charles and Annette Klein and Eric and Shandra Havens live on Hillman Ridge Road in Brown County. *Id.* In April 2015, Mr. Klein requested that he be permitted to place his mailbox at the end of his driveway on Hillman Ridge Road; the Postal Service agreed and began delivering mail there. *Id.* ¶ 17. Subsequently, one of Kleins' neighbors got into an altercation with a Postal Service mail carrier while that individual was delivering mail to the Klein's house. *Id.* ¶¶ 18–19. In response, the Postal Service stopped delivering mail to the Klein's Hillman Ridge Road address altogether, instead telling the Kleins that Hillman Ridge Road, near where their property sits, is too narrow and unsafe to travel. *Id.* ¶ 18. Thereafter, Mr. Klein relocated the couple's mailbox 0.4 miles from his property and now collects his mail there. *Id.* ¶ 20. Because packages do not fit in the Kleins' relocated mailbox, they now must undergo the inconvenience of picking up packages at their local post office in Georgetown, Ohio, ten miles from their home.

---

[1] This account of the facts comes from Plaintiff's Amended Complaint, as the Court must accept Plaintiff's allegations as true in evaluating a facial attack on subject-matter jurisdiction. *See W6 Rest. Grp., Ltd. v. Loeffler*, 140 F.4th 344, 349 (6th Cir. 2025).

In September 2024, Mr. Klein made a written request that the Postal Service deliver mail directly to his property, and directly to his neighbors'—the Havens'—property. *Id.* ¶ 5. The Postal Service, however, refused this request. *Id.*

For various reasons, Plaintiffs find this to be unfair. For one, other delivery vehicles, including FedEx and UPS [United Parcel Service] drivers, deliver directly to the Klein property. *Id.* ¶ 23. Further, many other residents of rural Brown County live on roads as narrow as Hillman Ridge Road where the Kleins and Havens reside, yet the Postal Service delivers to them. *Id.* ¶ 25. In fact, the Postal Service delivers mail to properties that are more difficult to access, including on roads where there is no designated turn-around point. *Id.* ¶ 29. Additionally, in 2024, a temporary postmaster told Mr. Klein that the Postal Service *would* begin delivering to his property but later changed his position. *Id.* ¶ 24. All-in-all, Plaintiffs believe that the Postal Service is not at all justified in refusing to deliver to their properties and has not adequately explained its decision not to deliver to their properties. *See id.* ¶ 25.

On November 22, 2024, Plaintiffs filed the instant lawsuit. Compl., Doc. 1. Then, on March 9, 2025, they amended their complaint. Doc. 13. On April 3, 2025, Defendants filed the Motion to Dismiss presently under consideration. Doc. 16. As noted, Defendants seek dismissal of the Amended Complaint for lack of subject-matter jurisdiction. *Id.*

## II. STANDARD OF REVIEW

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Here, Defendants have challenged the Court's jurisdiction. When that happens, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986); *Courtney v. Smith*, 297 F.3d 455, 459 (6th Cir. 2002). A dismissal for lack of jurisdiction under

Rule 12(b)(1) is typically without prejudice because it "allows for the possibility of repleading the action to bring it within the subject matter jurisdiction of some court." *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)*; see also Derwish v. Deputy Chief Mission, U.S. Embassy in Djibouti*, No. 1:24-cv-709, 2025 WL 2372081, at *2 (S.D. Ohio Aug. 15, 2025).

A challenge to the court's subject-matter jurisdiction can be either facial or factual. *Id.* "A *facial* attack . . . merely questions the sufficiency of the pleading." *Id.* To determine whether a complaint withstands a facial attack on jurisdiction, the Court asks whether the complaint "contain[s] non-conclusory facts which, if true, establish that the district court ha[s] jurisdiction over the dispute*." Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012). Accordingly, when confronted with a facial challenge to jurisdiction the Court "treats the facts alleged in the complaint as true." *W6 Restaurant Group, Ltd v. Loeffler*, 140 F.4th 344, 349 (6th Cir. June 9, 2025).

"On the other hand, when a court reviews a . . . *factual* attack . . . no presumptive truthfulness applies to the factual allegations." *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325. When reviewing a factual attack, the Court has "broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside the pleadings." *W6 Restaurant Group*, 140 F.4th at 349.

Here, Defendants make a facial attack on jurisdiction, contending that this Court has no jurisdiction over Plaintiffs' Amended Complaint because exclusive jurisdiction lies with the Postal Regulatory Commission. Doc. 16, PageID 62. Accordingly, the Court treats the facts alleged in the Amended Complaint as true.

4

### III.  LAW AND ANALYSIS

Plaintiffs' one-count Amended Complaint alleges that Defendants have violated the equal protection clause of the U.S. Constitution by refusing to deliver mail directly to their properties. Doc. 13, PageID 53. Defendants respond that Plaintiffs' complaint when boiled down to its essentials concerns the Postal Service's mail delivery, and thus the Postal Regulatory Commission has exclusive jurisdiction over their complaint. Doc. 16, PageID 62–64. Separately, Defendants argue that the Postal Service, as an agency of the federal government, is immune from suit. *Id.* at PageID 65. Plaintiffs respond that "the equal protection [mandate] embedded in the United States Constitution gives rise to a cause of action against [the Postal Service] when [it] arbitrarily and capriciously treats a citizen differently from others similarly situated." Doc. 17, PageID 71–72. They cite to several cases in which the U.S. Supreme Court concluded that federal courts have jurisdiction to entertain constitutional challenges to actions taken by government officials, including *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000) and *Bolling v. Sharpe*, 347 U.S. 497 (1954). Doc. 17, PageID 71–76. Plaintiffs also point to *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), which directs courts to "exercise independent judgment in determining the meaning of statutory provisions," *id.* at 394, as supporting their contention that this Court has jurisdiction to entertain Plaintiffs' challenge to the Postal Service's alleged unfair practices. Doc. 17, PageID 76–77.

Under 39 U.S.C. § 3662(a), a postal customer who believes the Postal Service is not operating in accordance with certain statutory service requirements "may lodge a complaint with the Postal Regulatory Commission." *Id.* As every circuit to consider the issue has held, "the remedy provided by section 3662 is exclusive." *Lemay v. United States Postal Serv.*, 450

F.3d 797, 800 (8th Cir. 2006).[2] Thus, a postal customer may make a complaint about Postal

Service mail delivery practices to the PRC, but federal district courts do not have original

jurisdiction over such complaints. *Id.*

Complaints of "unreasonable discrimination" by the Postal Service and of "undue and

unreasonable preferences" are considered service complaints and thus are within the *exclusive*

jurisdiction of the PRC. *See* 39 U.S.C. § 403(c). A federal district court in Massachusetts,

confronted with a similar challenge as the one Plaintiffs present in this case, ably explained

the statutory scheme that leads to this conclusion:

> By statute, "the United States district courts shall have original but not
> exclusive jurisdiction" over actions brought against the U.S. Postal Service. 39
> U.S.C. § 409(a). That jurisdiction, however, is subject to certain exceptions. *See*
> 39 U.S.C. §§ 409(a), 3662(a). One of those exceptions concerns matters relating
> to § 403(c), which provides that "[i]n providing services . . . the Postal Service
> shall not, except as specifically authorized in this title, make any undue or
> unreasonable discrimination among users of the mails, nor shall it grant any
> undue or unreasonable preferences to any such user." 39 U.S.C. § 403(c).
> Another exception involves matters relating to § 3661(a), which provides that
> "[t]he Postal Service shall develop and promote adequate and efficient postal
> services." 39 U.S.C. § 3661(a). Complaints under §§ 403(c) and 3661(a) may be
> lodged with the Postal Regulatory Commission. . . . 39 U.S.C. § 3662(a).

*Powell v. United States Postal Serv.*, No. 15-12913, 2016 U.S. Dist. LEXIS 12175, at *3 (D. Mass.

Feb. 2, 2016).

The Court concludes that Plaintiffs' complaint about the Postal Service concerning

mail delivery, or the lack thereof, is a service complaint, and thus exclusive jurisdiction over

the complaint lies in the Postal Regulatory Commission. To reiterate, Plaintiffs complain that

---

[2]  *See Pontefract v. Fed. Bureau of Prisons*, No. 23-3142, 2024 WL 5055838, *3 (3d Cir. Dec. 10, 2024)
("Jurisdiction to hear [postal service complaints] lies exclusively with the Postal Regulatory Commission
(PRC), with review by the D.C. Circuit."); *Foster v. Pitney Bowes Corp.*, 549 F. App'x 982, 986 (Fed. Cir.
2013). The Sixth Circuit reached the same conclusion in an unpublished decision. *Torp v. United States*, No.
21-1422, 2022 U.S. App. LEXIS 2824, *5–6 (6th Cir. Jan. 31, 2022).

the Postal Service stopped delivering mail to their respective residences. This relates to Postal Service mail delivery, not any other aspect of agency activity. Even though Plaintiffs seek to frame their argument in constitutional terms, *see* Doc. 17, PageID 74, the essence of their complaint directly relates to mail service.[3] Plaintiffs' argument that the claim in this case "arises under the Constitution and not under a statute," *id.*, avoids the central fact of this case, that Plaintiffs' claim is a direct result of Defendants ceasing mail delivery service to Plaintiffs' properties. More specifically, Plaintiffs' complaint is that the Postal Service is affording "undue or unreasonable preferences" to their neighbors. *See* 39 U.S.C. § 403(c). Pursuant to 39 U.S.C. §§ 3662 and 403(c), this complaint belongs before the Postal Regulatory Commission.

Decisions of other courts to confront this sort of challenge brought by parties similarly situated to Plaintiffs are in accord. The court in *Pep-Wku, LLC v. United States Postal Serv.*, No. 1:20-cv-9, 2020 U.S. Dist. LEXIS 76257 (W.D. Ky. Apr. 30, 2020), for example, found no subject-matter jurisdiction over the plaintiff landlord's complaint that the Postal Service stopped sorting mail to be delivered to its tenants. The *Pep-Wku, LLC* court determined that this was a mail service complaint, so it belonged before the PRC. Likewise, in *Torp v. United States*, the Sixth Circuit, in an unpublished opinion, affirmed a district court's decision finding no subject-matter jurisdiction over a post office's refusal to allow a mail service customer to

---

[3]  Supporting this point, Plaintiffs' Response (Doc. 17) frequently mentions "service." It asserts "a claim for unconstitutional deprivation of equal protection of the law" stemming from Defendants' refusal to "*serve* [Plaintiffs']" although other similar situated residents in the same county receive USPS mail *service* at their properties…" Doc. 17, PageID 71 (emphasis added). "It was only after USPS had a confrontation . . . that USPS terminated [Plaintiffs'] *service* for pretextual reasons[.]" *Id.* (emphasis added). "In 2024, the temporary Postmaster informed [Plaintiffs'] that he could restore mail delivery *service* to [Plaintiffs'] property . . ." *Id.* (emphasis added).

use general delivery service.[4] *Torp v. United States*, No. 21-1422, 2022 U.S. App. LEXIS 2824 (6th Cir. Jan. 31, 2022). And in *Powell*, similar to *Pep-Wku, LLC*, the court concluded it did not have jurisdiction over plaintiff's complaint that her local post office refused to allow her to use general delivery service. *Powell*, 2016 U.S. Dist. LEXIS 12175, at \*5. In each of the cases cited, the courts all came to the same conclusion that the complaints raised by the plaintiffs related to mail delivery service and belonged before the PRC.

Finally, the case of *Hollander v. United States Postal Serv.*, No. 88-2497, 1988 U.S. Dist. LEXIS 14370 (D. Mass. Dec. 20, 1988), involves facts near-identical to this one. There, the court found no subject-matter jurisdiction: plaintiff complained that he should receive mail delivery to his door rather than curbside. Similarly, in *Bovard v. United States Post Office*, No. 94-6360, 1995 U.S. App. LEXIS 3846 (10th Cir. Feb. 24, 1995) (unpublished), the Tenth Circuit concluded there was no subject-matter jurisdiction where plaintiff claimed that switching his mail service from morning delivery to afternoon delivery was "unreasonable discrimination." *Id.* at \*2. *See also Shelby Resources, Inc. v. United States Postal Services,* 619 F. Supp. 1546, 1549 (S.D.N.Y. 1985) (holding court lacked subject-matter jurisdiction over complaint of late mail delivery); *Tedesco v. United States Postal Services,* 553 F. Supp. 1387 (W.D. Pa. 1983) (holding the district court lacked subject-matter jurisdiction over a complaint regarding the failure by the Postal Service to establish post office in a certain Pennsylvania township).

Plaintiffs give the Court no reason to depart from this well-established authority. Rather than contesting that their complaint is about the Postal Service's mail delivery, they

---

[4]    "General delivery service permits a person to receive mail addressed merely to his or her name, with the designation, General Delivery, [City Name]." *Currier v. Potter*, 379 F.3d 716, 722 (9th Cir. 2004).

argue that the authority of the PRC "is limited, is technical, and does not include adjudicating constitutional claims." Doc. 17, PageID 70. They further argue that 39 U.S.C. § 3662 does not apply to their claim because that statute provides that the PRC has jurisdiction over certain statutory claims against the Postal Service but makes no mention of constitutional claims against Postal Service. Doc. 17, PageID 73–74 ("Whether or not the Plaintiffs have an alternative statutory claim under 39 U.S.C. 3662, Congress did not, and cannot, divest Plaintiffs of access to this Court for their claim *arising under the Constitution*."). *See also id.* at 76 ("USPS's Motion to Dismiss only discusses a hypothetical *statutory* claim but not the actual *constitutional* claim Klein filed in the Amended Complaint."). But in fact, Congress did exactly that in enacting the statutory scheme at issue here. It divested this Court of jurisdiction over Plaintiffs' claim.

Importantly, Plaintiffs cannot "avoid the PRC's exclusive jurisdiction over commonplace service complaints through artful pleading." *LeMay*, 450 F.3d at 801. When evaluating a motion to dismiss for lack of subject-matter jurisdiction, the Court must accept all factual allegations as true but need not accept plaintiff's "conclusory legal allegations." *Thomas v. Toms King (Ohio II), LLC*, 997 F.3d 629, 634 (6th Cir. 2021). Thus, the Court accepts as true the facts in Plaintiffs' Amended Complaint—including that the Postal Service delivers mail curbside to Plaintiffs' rural neighbors but not to them—but need not accept as true Plaintiffs' legal contention that this presents a constitutional wrong. Plaintiffs' complaints are

fundamentally complaints about Postal Service mail delivery service, so Plaintiffs exclusive recourse is through the Postal Regulatory Commission. *See LeMay*, 450 F.3d at 800.[5]

Additionally, the Court notes that its dismissal of Plaintiffs' Amended Complaint will be **WITHOUT PREJUDICE** because it does not adjudicate the merits of the underlying complaint. *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325 ("A dismissal under [Federal Rule of Civil Procedure] 12(b)(1) allows for the possibility of repleading the action to bring it within the subject matter jurisdiction of some court.").

In closing, the Court offers as an explanation one last quotation from another district court which had previously considered this issue when a disgruntled patron of the Postal Service sought in federal court to challenge the way they had been receiving mail:

> [N]ot every wrongful omission or failure on the part of the government bureaucracy can be redressed in the United States District Court. The Executive Branch, and also the Legislative Branch in its legislative oversight activities, each bear a great responsibility for the quality and the equality of such services, and in the final analysis performance of governmental services in a fair and equal manner rests essentially on the sense of duty and moral obligation of those men and women who actually render the service.

*Shelby Resources, Inc.*, 619 F. Supp. at 1547.

## IV. CONCLUSION

It is a well-entrenched rule that complaints about mail service delivery by the Postal Service do not rise to the level of a violation of a protection available to citizens under the U.S. Constitution. These disputes belong exclusively before the Postal Regulatory Commission. Plaintiffs' Amended Complaint in the instant case equates to just that—

---

[5]  In *Torp*, the Sixth Circuit affirmed a district court dismissal of a Postal Service mail delivery-related complaint for lack of jurisdiction, despite plaintiff arguing that his claims "raise[d] constitutional issues. "*Torp*, 2022 U.S. App. LEXIS 2824, at *6.

grievances about the quality and equality of the service they are receiving from the men and women who work at the Postal Service in rural Brown County, Ohio charged with delivering mail to them. Plainly stated, this Court has no jurisdiction over this dispute. Plaintiffs' grievances with the quality of their mail service may very well have legitimacy, and they may very well be entitled to some form of relief, but the proper forum for them to pursue these claims is not here—a district court, with very limited jurisdiction—but rather as dictated by Congress—the Postal Regulatory Commission. Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss (Doc. 16) and **DISMISSES** Plaintiffs' Amended Complaint (Doc. 13) without prejudice. The Clerk is directed to **TERMINATE** this matter from the Court's docket.

    **IT IS SO ORDERED.**

October 27, 2025

Jeffery P. Hopkins
United States District Judge